LAW LIBRARY

NO. 30183

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARSHALL MARTINEZ, Plaintiff-Appellant v.
JOHN E. TAM, et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0441)

ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over this appeal that Plaintiff-Appellant Marshall
Martinez (Appellant Martinez) has asserted from the Honorable
Derrick H.M. Chan's October 23, 2009 "Order Granting Defendants
State of Hawai'i's Motion to Dismiss Complaint Filed on
February 23, 2009" (the October 23, 2009 dismissal order),
because the circuit court has not reduced the October 23, 2009
dismissal order to a separate judgment that resolves all claims
in this case pursuant to Rule 58 of the Hawai'i Rules of Civil
Procedure (HRCP).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp.
2009) authorizes appeals to the intermediate court of appeals
from final judgments, orders, or decrees.  Appeals under HRS
§ 641-1 "shall be taken in the manner . . . provided by the rules
of the court."  HRS § 641-1(c).  The supreme court has
specifically required that "[e]very judgment shall be set forth
on a <u>separate</u> document."  HRCP Rule 58 (emphasis added).  Based
on this requirement, the supreme court has held that "[a]n appeal
may be taken . . . only after the orders have been reduced to a
judgment and the judgment has been entered in favor of and
against the appropriate parties pursuant to HRCP [Rule] 58[.]"
<u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i at 119, 869
P.2d at 1338.  The separate judgment must "either resolve all
claims against all parties or contain the finding necessary for
certification under HRCP [Rule] 54(b)."  <u>Id.</u>  "An appeal from an
order that is not reduced to a judgment in favor or against the

party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted) (emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

The October 23, 2009 dismissal order is not a judgment, but, instead, it is an interlocutory order. On January 19, 2010, the appellate court clerk filed the record on appeal for appellate court case number 30183, at which time the record on appeal did not contain a separate judgment that resolves all claims in this case. Absent a separate, appealable judgment, Appellant Martinez's appeal is premature and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number 30183 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 26, 2010.

Craig H. Nakamura

Chief Judge

Daniel R. Foley

Associate Judge

Associate Judge